

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR ROAD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

PATRICK HOWARD
DIRECT DIAL 215-575-3895
PHOWARD@SMBB.COM

April 10, 2023

**Via ECF**

The Honorable Malachy E. Mannion
William J. Nealon Federal Bldg. & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:  *Jane Doe v. Lehigh Valley Health Network, Inc.*
           **Civil Action No. 23-cv-585 (KM)**

Dear Judge Mannion:

      This office represents Plaintiff, Jane Doe in the above captioned action. On April 6, 2023, Defendant, Lehigh Valley Health Network, Inc. ("LVHN"), improperly removed this action from the Court of Common Pleas for Lackawanna County to this Court simply to avoid an impending ruling on Plaintiff's motion seeking a preliminary injunction. This matter arises from a data breach that began at some point in January 2023 ("Security Breach"). After learning of the breach in February 2023, LVHN refused the data hacker's demands to pay a ransom and as a result, the hackers, on March 10, 2023, posted nude images of numerous LVHN patients on the dark web. In addition to the nude photographs, there are thousands of medical records, personnel files (both current and former employees), treatment plans, billing records, and other sensitive information posted for anyone to download. Plaintiff notified LVHN on April 4 that she was seeking an injunction to have the ransom paid so the sensitive information would be removed from the dark web and to require LVHN notify those impacted by the Security Breach so they are made aware that their personal information is/was available for download from the dark web. *See* ECF No. 1-3. In response, LVHN removed this action just two days later.

      LVHN's Notice of Removal ("Notice") claims this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). That claim, however, is objectively baseless. This matter falls squarely into CAFA's local controversy exception as well as CAFA's home state controversy exception. See 28 U.S.C. § 1332(d)(3), (4). Plaintiff requests the Court enter an order to show

The Honorable Malachy E. Mannion
Page 2
April 10, 2023

---

cause for LVHN to provide its factual basis as to why these exceptions to CAFA jurisdiction do not govern or, alternatively, order that LVHN's declarant, Mary An La Rock, be produced for deposition on the question of CAFA jurisdiction pursuant to 28 U.S.C § 1332 (d) within 10 days. *See Hagenbaugh v. Nissan N. Am.*, No. CV 3:20-1838, 2022 WL 676277, at *5 (M.D. Pa. Mar. 7, 2022). This approach was recently embraced in a data breach class action when faced with the clear indication that CAFA's exceptions applied, like here, and the court lacked jurisdiction. *James v. SEPTA*, No. 2:20-cv-04339-JDW at Dkt. 15 (E.D. Pa. Jan. 28, 2021) (attached as Exhibit A). In that matter, after the defendant confirmed that the CAFA exception applied, the jurisdictional issue was efficiently resolve and the matter was promptly returned to state court.

Plaintiff makes this request for two reasons. First, having reviewed the uploaded data on the dark web from the Security Breach, any claim by LVHN that less than two-thirds of the putative class members are not residents of Pennsylvania is specious at best. From the information published on the dark web, it is apparent that well in excess of two-thirds of the individuals from the Security Breach are from Pennsylvania, and in particular Northeastern Pennsylvania. LVHN has identified 2,760 individuals who are victims of the Security Incident (and thus the putative class) and it should be required to simply confirm whether more than 920 of those individuals reside outside of Pennsylvania. If it cannot, this Court does not have CAFA jurisdiction, and it cannot hear this matter.

Second, every day this case remains unresolved is another day that nude images of Plaintiff and other class members remain available for download from the dark web. Indeed, the hackers have indexed the data and it can be searched using patient and/or employee names. In addition to the photographs, Plaintiff's counsel was able to retrieve dozens of sensitive documents which contain medical diagnosis, names, addresses, social security numbers, and other sensitive information. Despite this, LVHN has thus far refused to notify the thousands of class members that their personal information and nude images are published on the dark web. These unique circumstances require a prompt resolution of the question of jurisdiction. Courts strongly discourage the use of the removal procedure as an orchestrated delay tactic. *See Gondolfo v. Town of Carmel*, No. 20-CV-9060 (CS), 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022) (internal quotations omitted) ("Removal of a case to federal court, followed by remand back to state court, delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources, and so assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.")

Plaintiff will file a formal Motion to Remand, but appreciates the Court's consideration of this request, which may swiftly eliminate the need for protracted jurisdictional proceedings and associated delay. Plaintiff shares the Court's goal "to resolve this case in a just, speedy and inexpensive manner." *See* ECF No. 4.

Very truly yours,

*/s/ Patrick Howard*

Patrick Howard

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE ANTHONY JAMES, et al.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,**<br><br>*Defendant.* | Case No. 2:20-cv-04339-JDW |

## ORDER

**AND NOW**, this 28th day of January, 2021, upon review of the Class Action Complaint (ECF No. 1) and Defendant Southeastern Pennsylvania Transportation Authority's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) & 12(b)(6) (ECF No. 12), the Court notes as follows:

1. Under the Class Action Fairness Act, this Court has jurisdiction over any class action in which the matter in controversy exceeds $5 million and any member of a class of plaintiffs if a citizen of a State different from any defendant (*see* 28 U.S.C. § 1332(d)(2)(A));

2. CAFA provides that District Courts may decline jurisdiction in cases in which more than one-third and less than two-thirds of the class members and the primary defendant are residents of the State in which the case was filed (*see* 28 U.S.C. § 1332(d)(3));

3. CAFA requires District Courts to decline jurisdiction in cases in which more than two-thirds of the class members and the primary defendant are residents of the state in which the case was filed, if the principal injuries were incurred in that state (*see* 28 U.S.C. § 1332(d)(4));

4. Federal courts have an independent obligation to ensure that subject matter jurisdiction exists, even in the absence of a challenge from any party (*see Guerra v. Consolidated Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019)); and

5. From the face of Plaintiffs' Complaint, it appears likely that at least one-third, and possibly more than two-thirds, of class members reside in Pennsylvania, as does SEPTA.

Therefore, it is **ORDERED** that, on or before February 12, 2021, each party shall submit a Memorandum not to exceed ten (10) pages that addresses (a) whether the Court must decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(4), (b) whether the Court can and should decline to exercise jurisdiction under 28 U.S.C. § 1332(d)(3), and (c) whether the Court should order limited discovery to permit the parties to gather facts necessary for a jurisdictional analysis.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.