# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all other similarly situated individuals, | : <br> : CIVIL NO. 23-CV-00585-KM <br> : |
| Plaintiff, | : |
| v. | : |
| LEHIGH VALLEY HEALTH NETWORK, INC., | : |
| Defendant. | : |

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR REMAND

## I. INTRODUCTION

Plaintiff Jane Doe seeks remand of this case to the Court of Common Pleas of Lackawanna County pursuant to 28 U.S.C. §1447(c). On April 10, 2023, two days after Plaintiff notified Defendant Lehigh Valley Health Network, Inc. ("LVHN") that she was seeking an injunction in state court, LVHN incorrectly removed this case claiming jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). LVHN's removal was objectively baseless, and it appears it was undertaken to delay the proceedings. The case should be remanded pursuant to *any* of the three clear exceptions to CAFA jurisdiction. Indeed, unaddressed by LVHN is the simple fact that the proposed class consists of more than two-thirds of Pennsylvania citizens who asserted claims against a Pennsylvania Defendant for a data breach that occurred exclusively at Pennsylvania medical facilities.

CAFA jurisdiction simply does not exist considering any of the three clearly enumerated exceptions to CAFA jurisdiction: the local controversy exception, home state controversy exception, and/or CAFA's discretionary exception. *See* 28 U.S.C. § 1332(d)(3), (4). LVHN's Notice of Removal concedes all elements of these exceptions, but one. As such, federal jurisdiction turns on a single issue, now and throughout this case: whether less than two-thirds of the proposed class are Pennsylvania citizens. LVHN has identified 2,760 class members by name and

1

address, so unless over 920 of these class members are *not* residents of Pennsylvania, this motion must be granted and LVHN's removal was patently improper. In fact, the limited class member data published on the dark web on March 10, 2023, clearly indicates that far more than two-thirds of the proposed class are likely Pennsylvania citizens, including LVHN's own employees and medical professionals. Because LVHN's removal was clearly improper (they actually know and knew prior to removal the identity and addresses of each class member), Plaintiff seeks attorneys' fees and costs to be determined after remand pursuant to 28 U.S.C. § 1447(c).

## II. FACTUAL BACKGROUND

Plaintiff Jane Doe, a Pennsylvania resident, properly filed this class action on March 13, 2023, in the Court of Common Pleas of Lackawanna County, asserting exclusively state law claims against a local Defendant, LVHN. ECF No. 1-2, Ex. B (Declaration of Mary Ann La Rock ("La Rock Decl.")) at ¶¶ 3-6. LVHN was served with the Complaint on March 28, 2023. *Id.* at ¶ 4. Both Plaintiff and LVHN are Pennsylvania citizens. *See* ECF No. 1 (Notice of Removal) at ¶ 20; ECF No. 1-1 (Complaint) at ¶ 10. Plaintiff notified LVHN of her Motion for Preliminary Injunction on April 4, 2023, which was set to be heard on April 10, 2023 in Lackawanna County. *See* ECF No. 1 at ¶ 10. Without communicating with Plaintiff or responding to her motion, LVHN filed its Notice of Removal on April

6, 2023, claiming CAFA jurisdiction applied. *See* ECF No. 1. Removal allowed LVHN to avoid the April 10 hearing on Plaintiff's Motion for Preliminary Injunction in state court.

Plaintiff's claims arise out of a data breach on LVHN's computer systems that occurred due to LVHN's failure to implement adequate cybersecurity. On February 6, 2023, LVHN states that it detected unauthorized activity on its IT system of a malicious actor who gained access to LVHN's computer network and systems. ECF No. 1-1 at ¶ 22. LVHN launched an investigation and discovered that ALPHV, also known as BlackCat, were responsible for a cyberattack on LVHN that exposed significant data LVHN was obligated to keep secure. *Id.* LVHN failed to protect its patients and employees' data, which included nude photographs with personally identifiable information of cancer patients receiving treatment, in addition to other protected health information of LVHN patients, current and terminated employee files, and financial records of class members. *Id.* at ¶¶ 1-2.

On February 20, 2023, LVHN publicly disclosed the cyberattack, but did not identify the data that was stolen, from what time, or the identity of those whose data LVHN failed to protect. *Id*. at ¶ 24. LVHN stated only that, it believed "the attack was focused on the Delta Medix IT system" and that LVHN would "provide notices as required to those whose information was involved." As far as Plaintiff

can tell, those notices are yet to be provided. *Id.*

Plaintiff saw the media coverage of the breach on February 28, 2023, so she emailed her physicians asking whether LVHN failed to protect her sensitive and confidential information. *Id*. at ¶ 25. At that point, Plaintiff had no idea that LVHN stored nude images of her on its computer network. *Id.* On March 4, 2023, the hackers posted a public message to LVHN warning that if it did not meet their demands, they would publicly post stolen data, including nude photos of cancer patients like Plaintiff. *Id*. LVHN refused the hackers' demands. *Id*. at ¶ 26.

On March 6, 2023, LVHN's Vice President of Compliance, Mary Ann La Rock, contacted Plaintiff telephonically and advised that nude images of her taken during radiation treatment were posted on the dark web by the hackers. *Id*. at ¶ 28. Ms. LaRock further informed Plaintiff that her confidential personal information was also stolen in the Data Breach, including likely her address, email address, date of birth, Social Security number, health insurance provider, medical diagnosis/medical treatment information, medications, and lab results, in addition to the now public photographs of her receiving breast cancer treatment. *Id.* In complete disbelief, Plaintiff contacted the Dunmore Police and spoke with Officer David Aronica who advised he would complete a police report on Plaintiff's behalf. *Id*. at ¶ 29.

Again, on March 10, 2023, after LVHN further refused to meet the demand,

ALPHV posted more data from LVHN on the dark web. *Id*. at ¶ 27. As they warned they would do, ALPHV posted nude photographs of hundreds of other cancer patients. *Id*. ALPHV has posted an index of the data posted on the dark web and has threatened ongoing leaks until the demand is paid. *Id*. at ¶ 30. The March 10, 2023, posting reveals 314,866 files and folders from LVHN posted to the dark web.

An ongoing review of the data from LVHN posted by ALPHV reveals that the victims of the data breach are almost exclusively Pennsylvania citizens. *See* Declaration of Patrick Howard in Support of Plaintiff's Motion for Remand ("Howard Decl.") at ¶ 3. This is of little surprise since all the medical service provided to the putative class members were rendered in Pennsylvania. LVHN is comprised of 13 hospital campuses; 28 health centers; 20 Express CARE locations, and numerous physician practices, pharmacy, imaging, home health, rehabilitation, and lab services, all exclusively operating in Pennsylvania. ECF No. 1-1 at ¶ 16. Similarly, all LVHN operations and the data subject to the breach giving rise to this case are based in Allentown, Pennsylvania. ECF No. 1-2 at ¶ 6. In January 2022, LVHN acquired Delta Medix, a Scranton based multispecialty group that added 20 Pennsylvania providers to LVHN who specialize in urology, general surgery, cancer care and vascular surgery. ECF No. 1-1 at ¶ 17. The physician and employee data from Delta Medix (both current and former) was also placed on the

dark web. This is a uniquely Pennsylvania case.

According to LVHN, ALPHV's demanded more than $5 million to stop the disclosure and removal of the data from the dark web. ECF No. 1-2, ¶ 14. LVHN refused. And despite that and with all its knowledge, LVHN has failed to even notify the victims of this data breach whose naked images[1] were disclosed along with significant personal identifying information and financial documents. Plaintiff brings this class action against LVHN for its failure to properly secure and safeguard the private and sensitive information it collected, maintained, stored, analyzed, and used in its ordinary course of business. Plaintiff and the putative Class seek remedies including all available damages, reimbursement of out-of-pocket-costs, and equitable and injunctive relief, including improvements to LVHN's data security systems, future annual audits, and identity protection services.

## III. LEGAL ARGUMENT

Section 1441 must "be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored. This policy has always been rigorously enforced by the courts." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (internal quotations and citations

---

[1] There is a serious question as to why these photographs were taken and whether any of the patients gave informed consent to be photographed in the nude as part of their treatment. It is not clear if LVHN even informed patients (let alone obtained informed consent) of the taking and storing of these photographs.

6

omitted). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed, and all doubts resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Moreover, a federal court has a continuous obligation to satisfy itself of its subject matter jurisdiction and should do so *sua sponte* if the parties have not flagged the issue. *Samuel–Bassett*, 357 F.3d at 395. "Statutes permitting removal are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014). Further, under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded." (emphasis added). The Third Circuit has determined "when there is a question as to [a federal court's] authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). On April 10, 2023, Plaintiff notified the Court of the clear jurisdictional defects and the Court directed Plaintiff to file this motion. ECF No. 7.

LVHN asserts jurisdiction is proper in this Court under CAFA. If a matter meets the threshold jurisdictional requirements for CAFA, remand to state court is

nevertheless appropriate if the matter meets the requirements of one of three bases for abstention: (1) the local controversy exception; (2) the home state controversy exception; or (3) the discretionary exception. *See* 28 U.S.C. § 1332(d)(3), (4). The burden to establish a CAFA exception is by a preponderance of the evidence, and it lies with Plaintiff. *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007). Although the Plaintiff has the burden of proof here, it is not a heavy one. *See id*. However, LVHN, as "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc*., 357 F.3d 392, 396 (3d Cir. 2004).

All three of the CAFA exceptions apply to defeat CAFA jurisdiction. The only factual issue potentially at issue is what percentage of the proposed class are Pennsylvania citizens. But no evidence credibly counters the fact that two-thirds or more of those in the proposed class are Pennsylvania citizens. LVHN identified approximately 2,760 individuals who had nude photographs taken that were exposed by the breach. ECF No. 1 at ¶ 17. Plaintiff requested LVHN confirm that at least 920 of these identified class members are not Pennsylvania citizens. *See* Howard Decl., Ex. 1. In response, LVHN evaded answering that question. That alone is fatal to the contention that CAFA jurisdiction exist. Rather than just answer the straightforward question, LVHN stated "[w]hile it is possible that, after this process is complete and the individuals have been identified, LVHN would

8

agree with Plaintiff that the local controversy or home state exceptions apply." *See id.*, Ex. 2. On the current factual record known to LVHN both before and after removal (which is actively being concealed from Plaintiff) requires remand under any of the CAFA exceptions as set forth below.

### A. The Court Lacks Jurisdiction Under CAFA's Local Controversy Exception

The Court must remand this case because at least two-thirds of the proposed class are Pennsylvania citizens, and CAFA jurisdiction cannot exist under the local controversy exception. *See* 28 U.S.C. § 1332(d)(4)(A). The local controversy exception requires remand where: "(1) greater than two-thirds of the putative class are citizens of the state in which that action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013). The local controversy exception was designed "to identify a truly local controversy-a controversy that uniquely affects a particular locality to the exclusion of all others ..." *Id.* at 508.

The allegations of the Complaint and the Notice of Removal eliminate any dispute that elements (2)-(6) require remand. LVHN is a Pennsylvania citizen who services patients and employs individuals who are predominately citizens of Pennsylvania. It is exclusively the conduct of LVHN that forms the basis of the class allegations in the Complaint, and the only party from which relief is sought. No other class action relating to this data breach has been filed in the previous three years. Thus, other than the first element, all others are undisputably satisfied for the local controversy exception.

The only issue is whether greater than two-thirds of the putative class are citizens of Pennsylvania. This element is likewise unlikely to be the subject of any credible dispute. LVHN identified 2,760 proposed class members prior to filing its Notice of Removal by name and address, noting a select few individuals who currently reside in states other than Pennsylvania. *See* ECF No. 1-2 (La Rock Decl.) ¶¶9-12. Unless over 920 of these proposed class members are *not* Pennsylvania citizens, LVHN did not have a good faith (non-frivolous) basis to remove this case. Similarly, a review of the indexed data posted by ALPHV indicates it is most likely that far more than two-thirds of the class members whose data is on the dark web are Pennsylvania citizens. Thus, a preponderance of the evidence suggests more than two-thirds of the class are Pennsylvania citizens so the matter must be remanded pursuant to the local controversy exception to CAFA.

## B. The Court Lacks Jurisdiction Under CAFA's Home State Controversy Exception

Remand is likewise the result under CAFA's home state controversy exception. Under the home-state exception, the court may not exercise jurisdiction if: (1) at least two-thirds of the members of all proposed classes in the aggregate are citizens of the forum state and (2) the primary defendants are also citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B). To invoke this exception, a plaintiff must "(1) establish that the citizenship of the members of two-thirds or more of the putative class is the state in which the action was originally filed; (2) establish the citizenship of the defendants; (3) identify the primary defendants; and (4) demonstrate that two-thirds or more of the members of the putative class are citizens of the same state as the primary defendants." *Vodenichar*, 733 F.3d at 503-04.

As with the local controversy exception, the only issue not established on the face of the Complaint and Notice of Removal is whether two-thirds or more of the proposed class are citizens of Pennsylvania. LVHN is also a Pennsylvania citizen who is the only Defendant, and therefore the primary defendant. The preponderance of the evidence strongly favors the conclusion that the proposed class will consist of more than two-thirds of Pennsylvania citizens for the reasons set forth above. Thus, remand is also likely necessary under CAFA's home state

controversy exception.²

### C. Jurisdictional Discovery is Appropriate to Establish Requirements for the Exceptions to CAFA Jurisdiction.

If the Court believes further evidence is necessary to consider the CAFA exceptions, Plaintiff requests swift and basic jurisdictional discovery relating to the identity and citizenship of the proposed class members. *See Hagenbaugh v. Nissan N. Am.*, No. CV 3:20-1838, 2022 WL 676277, at *5 (M.D. Pa. Mar. 7, 2022) ("Though the Plaintiffs 'bear the burden' of establishing that the local controversy exception applies, it would be inequitable to simply state that the exception does or does not apply when one of the main factors in making such a determination clearly lacks factual support and remains in question. The Court, therefore, finds that the parties must first complete the same discovery regarding the citizenship of

---

² Additionally, CAFA's discretionary exception allows a court to decline jurisdiction under CAFA where "greater than one-third but less than two-thirds of the members of all proposed classes in the aggregate and the primary defendants" are all citizens of the forum State, the court may decline to exercise jurisdiction based on consideration of six discretionary factors. *See* 28 U.S.C. § 1332(d)(3).
While data breaches are a mounting national problem, the instant matter is unique to Pennsylvania. LVHN is a Pennsylvania hospital providing care to Pennsylvania residents, and the claims asserted in the Complaint are governed exclusively by Pennsylvania law. No credible basis exists to contend the case was pled to evade federal jurisdiction, and instead, the case was brought where the conduct occurred and where Plaintiff resides. There is no viable contention that the residents of any state, other than Pennsylvania, will be significantly impacted as members of the proposed class here. As indicated above, more than two-thirds of the proposed class will consist of Pennsylvania citizens and no other class action has been filed in the preceding three years relating to the claims asserted here. In the end, this discretionary exception likewise allows the Court to remand this matter.

the Department Dealerships as set forth above before it will determine whether the local controversy exception applies."). The Third Circuit has held that unless the claim is "clearly frivolous," the courts "are to assist the plaintiff" in meeting its burden by allowing jurisdictional discovery. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 324, 331 (3d Cir. 2009).

Here, the lone factual issue that is key to remand concerns whether two-thirds or more of the proposed class consists of Pennsylvania citizens. The answer is and was readily available and known to LVHN at the time it removed this case. LVHN has identified at least, 2,760 known class members. And while LVHN noted a few class members outside Pennsylvania, it was utterly silent as to whether the CAFA exceptions eliminated its basis of removal. Unless more than 920 of these individuals are residents of states *other* than Pennsylvania, LVHN improperly removed this case, and it must be remanded to state court.

Thus, Plaintiff would request the Court promptly order the production of the list of the known class members with current addresses to determine citizenship. Additionally, if necessary, Plaintiff seeks to depose LVHN's declarant, Mary Ann La Rock, concerning the jurisdictional facts set forth in her declaration. *See* ECF No. 1-2.

## IV. CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's Motion for Remand for lack of subject matter jurisdiction under all, or anyone, of the exceptions to CAFA. After remand is granted, Plaintiff shall seek her attorneys' fees and costs relating to LVHN's Notice of Removal and the subsequent remand of this case pursuant to 28 U.S.C. § 1447(c). *See Gondolfo v. Town of Carmel*, No. 20-CV-9060 (CS), 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022) ("A fee award here would encourage litigants to more thoroughly research the legal basis for removal before acting.").

Respectfully submitted,

DATED: April 14, 2023          By: *s/ Patrick Howard*
    Simon B. Paris (*pro hac vice*)
    Patrick Howard (#88572)
    **SALTZ MONGELUZZI & BENDESKY, P.C.**
    1650 Market Street, 52nd Floor
    Philadelphia, PA 19103
    Telephone: (215) 496-8282
    Facsimile: (215) 496-0999
    sparis@smbb.com
    phoward@smbb.com

    Raina Borrelli (*pro hac vice*)
    **TURKE & STRAUSS**
    613 Williamson Street, Suite 201
    Madison, Wisconsin 53703
    Telephone: (608) 237-1775
    Facsimile: (608) 509-4423
    raina@turkestrauss.com

Daniel E. Gustafson (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
DGustafson@Gustafsongluek.com

*Attorneys for Plaintiff and the putative class*

# CERTIFICATE OF SERVICE

I, Patrick Howard, hereby certify on April 14, 2023, that a true and correct copy of the foregoing Plaintiff's Motion for Remand, Plaintiff's Memorandum of Law in Support, the Declaration of Patrick Howard in Support and all exhibits thereto, were filed electronically through the Court's CM/ECF System and was served upon all counsel of record at the e-mail address listed in the Court's database.

/s/ *Patrick Howard*
Patrick Howard