## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, *individually and on behalf of all other similarly situated consumers*, | Case No. 3:23-cv-00585-MEM |
| | Honorable Malachy E Mannion |
| *Plaintiff,* | |
| v. | |
| LEHIGH VALLEY HEALTH NETWORK, INC., | |
| *Defendant.* | |

## DEFENDANT LEHIGH VALLEY HEALTH NETWORK, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................1

FACTUAL AND LEGAL BACKGROUND .............................................................2

LEGAL STANDARD.......................................................................................4

ARGUMENT ................................................................................................5

I.   This Court should dismiss the Complaint because Plaintiff does not plead facts indicating that LVHN failed to implement reasonable security standards (Counts I-V)...........................................................................................6

II.  Plaintiff's negligence claim fails because Plaintiff does not allege facts supporting a breach and because Pennsylvania law does not permit negligence *per se* claims based on FTCA or HIPAA (Count I). ...........................................9

III. This Court should dismiss Plaintiff's claim for breach of fiduciary duty because she fails to allege a confidential relationship with LVHN or that LVHN disclosed her private information (Count II).......................................11

IV. This Court should dismiss Plaintiff's claim for breach of implied contract because she fails to allege conduct by LVHN demonstrating mutual assent, and she impermissibly relies on LVHN's written privacy policy to support her claim (Count III). .............................................................................13

V.  This Court should dismiss Plaintiff's claim for breach of confidence because she fails to allege that LVHN disclosed information that would blacken her character (Count IV). .........................................................................15

VI. Plaintiff's claim for publicity given to private life fails because Plaintiff's information has not been publicized and because LVHN did not voluntarily disclose Plaintiff's information (Count V).......................................................16

CONCLUSION .............................................................................................18

**Cases**

*Advanced Fluid Systems, Inc. v. Huber*,
  295 F. Supp. 3d 467 (M.D. Pa. 2018)................................................................13

*Almendarez v. Lottery*,
  2017 WL 3190646 (W.D. Pa. July 27, 2017) ....................................................10

*Am. Corporate Soc'y v. Valley Forge Ins. Co.*,
  424 Fed. App'x 86 (3d Cir. 2011) ........................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................4, 5

*Baer v. Chase*,
  392 F.3d 609 (3d Cir. 2004) ........................................................................13, 14

*Bailey v. Hosp. of the Univ. of Pennsylvania*,
  2021 WL 4958772 (Pa. Super. Ct. Oct. 26, 2021) ......................................10, 12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................4

*In re Brinker Data Incident Litig.*,
  2020 WL 691848 (M.D. Fla. Jan. 27, 2020) ......................................................10

*Burton v. William Beaumont Hosp.*,
  373 F. Supp. 2d 707 (E.D. Mich. 2005) .............................................................12

*DeBlasio v. Pignoli*,
  918 A.2d 822 (Pa. Super. Ct. 2007).....................................................................17

*Diaz v. Holder*,
  2013 WL 504236 (M.D. Pa. Jan. 16, 2013)..........................................................4

*In re Equifax Inc. Sec. Litig.*,
  357 F. Supp. 3d 1189 (N.D. Ga. 2019).................................................................8

*Frowen v. Blank*,
  425 A.2d 412 (Pa. 1981)......................................................................................11

*Griffey v. Magellan Health Inc.*,
562 F. Supp. 3d 34 (D. Ariz. 2021) ...................................................7, 8

*Haddad v. Gopal*,
787 A.2d 975 (Pa. Super. Ct. 2001)...................................................16

*In re Heartland Payment Systems, Inc. Securities Litigation*,
2009 WL 4798148 (D.N.J. Dec. 7, 2009).........................................7, 8

*Ingrassia Const. Co. v. Walsh*,
486 A.2d 478 (Pa. Super. Ct. 1984)...................................................14

*Jean v. Bucknell Univ.*,
534 F. Supp. 3d 404 (M.D. Pa. 2021)...................................................7

*J.R. v. Walgreens Boots Alliance,* No. 20-1767, 2021 WL 4859603
(4th Cir. Oct. 19, 2021)...................................................................15

*Kirschner v. K & L Gates LLP*,
46 A.3d 737 (Pa. Super. Ct. 2012)......................................................11

*Kline v. Ball*,
452 A.2d 727 (Pa. Super. Ct. 1982)......................................................8

*McGrain v. C.R. Bard, Inc.*,
551 F. Supp. 3d 529 (E.D. Pa. 2021) ...................................................10

*Morrell v. Wellstar Health Sys., Inc.*,
280 Ga. App. 1, 633 S.E.2d 68 (2006) .................................................12

*Pacitti v. Durr*,
2008 WL 793875 (W.D. Pa. Mar. 24, 2008), *aff'd*, 310 F. App'x
526 (3d Cir. 2009)..............................................................................18

*In re Penn. Cent. Transp. Co.*,
831 F.2d 1221 (3d Cir. 1987) ...........................................................15

*Rabutino v. Freedom State Realty Co., Inc.*,
809 A.2d 933 (Pa. Super. Ct. 2002)......................................................9

*Rissi v. Capella*,
918 A.2d 131 (Pa. Super. Ct. 2007)....................................................14

*Schreiber v. Olan Mills*,
    627 A.2d 806 (Pa. Super. Ct. 1993)....................................................13

*Schweigart v. Schmalenberger*,
    No. 1226-MDA-2020, 2021 WL 2775910 (Pa. Super. Ct. July 2,
    2021) ...............................................................................................16

*Vogel v. W. T. Grant Co.*
    327 A.2d 133 (Pa. 1974).............................................................17, 18

*W.P. v. Westmoreland Cnty.*,
    *Pa.*, 2005 WL 3447896 (W.D. Pa. Dec. 14, 2005)..............................18

*Weiley v. Albert Einstein Med. Ctr.*,
    51 A.3d 202 (Pa. Super. Ct. 2012)....................................................12

*Yanka v. Leithbridge Co.*,
    2022 WL 841212 (Pa. Super. Ct. Mar. 22, 2022).................................9

# INTRODUCTION

As alleged in Plaintiff's Complaint, a sophisticated ransomware gang of Russian cyber-criminals attacked Lehigh Valley Health Network, Inc.'s ("LVHN") IT systems (the "Security Incident"). Plaintiff alleges that those criminals stole her information, including clinically appropriate photographs taken during her radiation treatment with LVHN. Plaintiff asserts that this theft—and the cyber-criminal's subsequent posting of those photographs on the dark web—has caused her mental anguish and other harms. LVHN respects this potential impact to Plaintiff, which is why it prioritized notifying Plaintiff—and the other patients whose photographs were posted on the dark web—of the Security Incident. After an extensive analysis to identify these patients and their addresses and other contact information, LVHN called them and sent written notifications to inform them of the Security Incident and that BlackCat posted their photographs.

Though Plaintiff has now sued LVHN, the Complaint fails to provide any specific legal explanation for how any action (or inaction) by LVHN can support the claims as alleged. And Pennsylvania law does not impose strict liability on organizations like LVHN that are attacked by cyber-criminals. LVHN's liability, if any, for the fallout from such an attack must flow from actions or inactions on LVHN's part that fell below an applicable standard of care and contributed to the Security Incident. The Complaint here fails to allege any facts demonstrating that

to be the case. Instead, the Complaint presupposes that because a data breach occurred, LVHN acted negligently, but that is insufficient to state a claim. Plaintiff must allege what, if anything, LVHN did wrong, and how that purported wrongdoing created Plaintiff's injuries. Plaintiff has not and cannot make such allegations here.

This failure alone dooms each of Plaintiff's claims, but the Complaint also suffers other fatal problems. Plaintiff does not allege the necessary facts to support the claim that LVHN owed her a specific fiduciary duty related to cybersecurity, fails to allege the existence of a contract (or identify a single potential contractual provision at issue), fails to demonstrate the applicability of her ill-defined "breach of confidence" claim, and fails to allege that LVHN "disclosed" her information (or, much less, made that information "public") to support her claim for publicity given to private life.

For these reasons and others set forth herein, the Complaint fails to state a claim for relief and this case should be dismissed pursuant to Rule 12(b)(6).

## FACTUAL AND LEGAL BACKGROUND

Plaintiff alleges that on February 6, 2023, LVHN detected unauthorized activity on its IT system (the "Security Incident"). Compl. ¶ 22. Plaintiff alleges that "notorious cyber-hackers, ALPHV, also known as BlackCat, were responsible for the attack." *Id.* BlackCat demanded a ransom payment, but LVHN, following

established guidance from law enforcement,[1] did not pay. *See id.* ¶¶ 26-27. In response, Plaintiff alleges that BlackCat posted limited patient information on the dark web, including "nude photographs of Plaintiff, as well as other yet to be identified cancer patients." *Id.* ¶ 27. Plaintiff describes BlackCat as "ruthless," *id.* ¶ 23, and states that BlackCat "has become notorious for launching cyberattacks against academia and healthcare institutions." *Id.* ¶ 22.

Plaintiff alleges that around March 6, 2022, LVHN's Vice President of Compliance then notified her by telephone that her information had appeared online. *Id.* ¶ 28. On March 13, 2023, Plaintiff filed this lawsuit in the Court of Common Pleas of Lackawanna County based on the Security Incident. LVHN removed to this Court on April 6, 2023. Plaintiff asserts the following causes of action: (1) negligence, including negligence *per se* claims based on violations of the Health Insurance Portability and Accountability Act ("HIPAA") and section 5 of the FTC Act ("FTCA"); (2) breach of fiduciary duty; (3) breach of implied contract; (4) breach of confidence; and (5) publicity given to private life. Compl. ¶¶ 75, 88-151.

---

[1] *See generally*, *Ransomware*, FBI.GOV, https://www.fbi.gov/how-we-can-help-you/safety-resources/scams-and-safety/common-scams-and-crimes/ransomware#:~:text=The%20FBI%20does%20not%20support,this%20type%20of%20illegal%20activity (last visited April 10, 2023) ("The FBI does not support paying a ransom in response to a ransomware attack.").

She also seeks to certify a class of "all persons who are identified to be subject of the Security Incident." Compl. ¶ 75.

On April 14, 2023, Plaintiff filed its motion to remand this case to state court, LVHN responded on April 28, 2023, and Plaintiff's reply is due May 12, 2023. Now, LVHN moves to dismiss the Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Corporate Soc'y v. Valley Forge Ins. Co.*, 424 Fed. App'x 86, 88 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court must "take note of the elements a plaintiff must plead to state a claim," "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth,'" and then "determine whether [the well-pleaded factual allegations] plausibly give rise to an entitlement for relief." *Diaz v. Holder*, 2013 WL 504236, at *2 (M.D. Pa. Jan. 16, 2013) (quoting *Iqbal*, 556 U.S. at 673). In other words, if the factual allegations are more likely explained by lawful behavior than illegal activity, then the complaint should be dismissed. *Iqbal*, 556 U.S. at 680.

# **ARGUMENT**

Plaintiff's Complaint should be dismissed in its entirety for the following reasons. *First*, Plaintiff's Complaint fails to allege any facts sufficient to show how LVHN's conduct caused the Security Incident or led to her injury. Instead, Plaintiff simply points to the existence of the Security Incident as somehow demonstrative of LVHN's misconduct. This conclusory allegation is insufficient to state any claim for relief. *Second*, Plaintiff's negligence claim fails because Plaintiff has not alleged that LVHN breached the standard of care, and because Pennsylvania does not permit Plaintiff to pursue negligence *per se* claims based on HIPAA or FTCA. *Third*, Plaintiff's breach of fiduciary duty claim fails because Plaintiff has not alleged facts that would give rise to a specific fiduciary duty that would be applicable here. *Fourth*, Plaintiff's breach of implied contract claim fails because Plaintiff does not allege the required elements of contract formation. *Fifth*, Plaintiff's breach of confidence claim fails because she fails to allege that LVHN disclosed any information that would blacken her character. *Finally*, Plaintiff's publicity to private life claim fails because her information is not (and is not substantially certain to become) public knowledge and because BlackCat, not LVHN, disseminated her information.

**I.** **This Court should dismiss the Complaint because Plaintiff does not plead facts indicating that LVHN failed to implement reasonable security standards (Counts I-V).**

All of Plaintiff's causes of action rely on the conclusory allegation that LVHN failed to implement reasonable data security standards to protect Plaintiff's private information.[2] *See* Compl. ¶¶ 97, 102, 113, 118-19, 128, 141, 150 (premising each individual cause of action on the failure to use "reasonable measures" to protect Plaintiff's information). Plaintiff fails, however, to allege a single specific act or omission by LVHN to indicate how its data security standards and practices are unreasonable. The Complaint makes no mention of any specific protocol, guidelines, or principles that LVHN failed to adhere to in implementing its data security standards. Instead, Plaintiff's Complaint rests entirely on the bare assumption that because the Security Incident occurred, LVHN must be liable.

These allegations are insufficient as a matter of law. *See e.g., Jean v. Bucknell Univ.,* 534 F. Supp. 3d 404, 411-16 (M.D. Pa. 2021) (dismissing plaintiff's conclusory claims against university for failure to allege a duty or breach of duty). Indeed, in the context of cybersecurity, federal courts recognize that a data breach alone does not plausibly allege that a defendant lacked adequate security measures.

---

[2] LVHN's refusal to pay BlackCat's exorbitant ransom demand cannot give rise to a claim. Plaintiff points to no duty that would require LVHN to pay a ransom to a Russian criminal gang in contravention of guidance from law enforcement. *See supra* note 1.

For example, in *In re Heartland Payment Systems, Inc. Securities Litigation*, No. 09-cv-1043, 2009 WL 4798148 (D.N.J. Dec. 7, 2009), plaintiff brought a securities fraud claim against defendant after criminal hackers infiltrated the defendant's systems. *Id.* at *1. Plaintiff alleged that defendant fraudulently misrepresented its data security practices. The court dismissed plaintiff's claims, finding in part that "[t]he fact that a company [] suffered a security breach does not demonstrate that the company did not place significant emphasis on maintaining a high level of security." *Id*. at *5. Instead, the court found that "[i]t is equally plausible that [the company] did place a high emphasis on security but that the [c]ompany's security systems were nonetheless overcome." *Id*. Thus, the court concluded that "[t]he facts alleged in the complaint d[id] not support an inference that [defendant] did not make serious efforts to protect its computer network from security breaches." *Id.* at *6.

Similarly, in *Griffey v. Magellan Health Inc.*, 562 F. Supp. 3d 34, 54 (D. Ariz. 2021), the United States District Court for the District of Arizona dismissed plaintiffs' claims against defendant for inadequate cybersecurity because plaintiffs "fail[ed] to adequately articulate the 'how' of the data breach." *Id.* The court held that "the argument that a system [is] inadequate because a negative result occurred is conclusory" and "[t]he Court is permitted to ignore conclusory allegations." *Id*.; *cf. In re Equifax Inc. Sec. Litig.*, 357 F. Supp. 3d 1189, 1218–19 (N.D. Ga. 2019)

(denying motion to dismiss plaintiff's claim when plaintiff had "asserted specific factual allegations describing the poor state of [defendant's] cybersecurity").

Here, like in *Heartland* and *Griffey*, Plaintiff alleges no facts other than the negative result of the Security Incident itself to support her allegations that LVHN failed to employ reasonable security measures. Plaintiff does not allege any facts regarding how (technically) the breach occurred, the standards LVHN maintained to prevent security incidents, how LVHN failed to follow specific FTC or HIPAA procedures or any other guidance or principals, what measures could have prevented the Security Incident, or whether any specific cybersecurity deficiencies caused the breach. To the contrary, Plaintiff's Complaint alleges that LVHN suffered a ransomware attack by a "notorious" and "ruthless" gang of Russian cybercriminals.

Accordingly, because Plaintiff fails to include any allegations related to LVHN's cybersecurity, and all her claims rely on the assumption that LVHN's security was deficient, Plaintiff has failed to allege a critical element of each of her claims. *See Kline v. Ball*, 452 A.2d 727, 729 (Pa. Super. Ct. 1982) ("Tort liability must be founded upon some blameworthy conduct, or lack of due care resulting in the violation of a duty owing to others."). Consequently, the Court should dismiss Plaintiff's Complaint in its entirety.

**II.    Plaintiff's negligence claim fails because Plaintiff does not allege facts supporting a breach and because Pennsylvania law does not permit negligence *per se* claims based on FTCA or HIPAA (Count I).**

In Pennsylvania, a negligence claim consists of four elements: (1) a duty recognized by the law, requiring the actor to conform to a certain standard; (2) a failure to conform to the required standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *See Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 938 (Pa. Super. Ct. 2002).

Here, as explained above, Plaintiff fails to allege any facts that demonstrate how LVHN failed to conform to a required cybersecurity standard to support her claim for negligence. In Pennsylvania, plaintiffs must allege at least some facts in this regard for a negligence claim to survive. *See Yanka v. Leithbridge Co.*, No. 839-EDA-2021, 2022 WL 841212, at *9-10 (Pa. Super. Ct. Mar. 22, 2022) (dismissing plaintiff's claim for negligence because plaintiff "failed to provide any evidence showing" that defendant lacked adequate cybersecurity that caused the criminal actor's fraudulent transaction); *McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529 (E.D. Pa. 2021) (dismissing plaintiff's "negligent manufacturing" claim because the complaint failed to allege "any factual allegation as to the nature of what went wrong during the manufacturing process."). Because Plaintiff has not done so, Count I should be dismissed.

In addition, Plaintiff's alternative theories of negligence—for negligence *per se* based on LVHN's alleged violations of HIPAA and section 5 of the FTC Act, Compl. ¶¶ 101-15—fail because Pennsylvania does not recognize negligence *per se* claims premised on violations of statutes that do not provide a private right of action. *See Bailey v. Hosp. of the Univ. of Pennsylvania*, No. 1481-EDA-2020, 2021 WL 4958772, at *5 (Pa. Super. Ct. Oct. 26, 2021) (affirming the trial court's reasoning that "because HIPAA does not confer a private right of action, HIPAA cannot be the source of the duty supposedly owed to [plaintiff]"); *Almendarez v. Lottery*, No. 17-cv-587, 2017 WL 3190646, at *4 (W.D. Pa. July 27, 2017) (holding that no private right of action exists under the FTC Act); *see also In re Brinker Data Incident Litig.*, No. 3:18-CV-686, 2020 WL 691848, at *9 (M.D. Fla. Jan. 27, 2020) (holding that FTC Act cannot be basis of negligence per se claim under Florida law, which squarely forecloses negligence *per se* claims that rely on a federal statute without a private right of action). Moreover, as set forth above, Plaintiff has not alleged any facts indicating that HIPAA or the FTC Act were breached in the first place. For both these reasons, Plaintiff's references to HIPAA and the FTC Act do not save her negligence claim.

**III. This Court should dismiss Plaintiff's claim for breach of fiduciary duty because she fails to allege a confidential relationship with LVHN or that LVHN disclosed her private information (Count II).**

First, Count II fails because Plaintiff fails to allege facts sufficient to support a confidential relationship. To prevail on a claim of breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship between the plaintiff and the defendant, (2) that the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit, and (3) that the plaintiff suffered an injury caused by the defendant's breach of its fiduciary duty. *Kirschner v. K & L Gates LLP*, 46 A.3d 737, 757-58 (Pa. Super. Ct. 2012).

Courts in Pennsylvania recognize the fiduciary and confidential relationship between physician and patient, but this relationship does not automatically extend to the hospital or hospital network, given the stark difference in the relationship and the corresponding administrative and logistical responsibilities when compared to an individual physician. *See e.g., Bailey*, 2021 WL 4958772, at *5 (finding no common law duty for a hospital to protect patient's confidential information); *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202 (Pa. Super. Ct. 2012) (finding plaintiff's complaint against the hospital "legally insufficient to establish that Hospital owed [plaintiff] any fiduciary duty of care" because it "made no attempt to assert or explain, for example, how Hospital failed to deal with him on equal terms, or what advice or counsel from Hospital he relied upon to his detriment, or how Hospital

used its position to [his] detriment and to its own advantage.").[3]  Here, Plaintiff fails

to allege any non-conclusory facts supporting a confidential and fiduciary

relationship between LVHN—a hospital network—and Plaintiff. Consequently, her

breach of fiduciary duty claim fails.

Second, even assuming that Plaintiff alleged a confidential or fiduciary

relationship with LVHN, she fails to allege any facts indicating that LVHN

"negligently or intentionally" failed to act in good faith. *Advanced Fluid Systems,*

*Inc. v. Huber*, 295 F. Supp. 3d 467, 487 (M.D. Pa. 2018) ("[t]o sustain [a] claim for

breach of fiduciary duty," plaintiff "must demonstrate" that defendant "failed to act

in good faith" and that plaintiff "suffered an injury" as a result).  Plaintiff's only

basis for that allegation is that the Security Incident occurred which, as explained

above, is insufficient.  Accordingly, this Court should dismiss Plaintiff's claim for

breach of fiduciary duty.

---

[3] Courts in other jurisdictions, for example, have found that no fiduciary duty exists between a patient and a hospital for the hospital's duties that do not directly relate to the physician-patient duty of care.  *See, e.g.*, *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 723–24 (E.D. Mich. 2005) ("[T]here is no authority for the proposition that a fiduciary relationship exists between a hospital and a patient for . . . billing practices.") (citation omitted); *Morrell v. Wellstar Health Sys., Inc.*, 280 Ga. App. 1, 7–8, 633 S.E.2d 68 (2006) ("[A] nonprofit hospital generally has no fiduciary duty to a patient with respect to the price the hospital charges for medical care.").

**IV.** **This Court should dismiss Plaintiff's claim for breach of implied contract because she fails to allege conduct by LVHN demonstrating mutual assent, and she impermissibly relies on LVHN's written privacy policy to support her claim (Count III).**

In Pennsylvania, for a contract to be enforceable, there must be an offer, an acceptance, and valid consideration given, or a mutual meeting of the minds. *Schreiber v. Olan Mills*, 627 A.2d 806, 808 (Pa. Super. Ct. 1993). A meeting of the minds requires the parties to mutually assent to the same thing. *Id.* A contract can be "express" or "implied" depending on the method of contract formation: "[c]ontracts are 'express' when the parties state their terms and 'implied' when the parties do not state their terms. The distinction is based not on the contracts' legal effect but on the way the parties manifest their mutual assent." *Baer v. Chase*, 392 F.3d 609, 616 (3d Cir. 2004)

An implied contract arises "where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances." *Rissi v. Capella*, 918 A.2d 131, 140 (Pa. Super. Ct. 2007). These are circumstances which, "according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract." *Id.* When ascertaining the intent of the parties, courts in Pennsylvania must look to the "outward and objective manifestations" of the assent to enter into the contract. *Ingrassia Const. Co. v. Walsh*, 486 A.2d 478, 482–83 (Pa. Super. Ct. 1984). To this point, "an implied-in-fact contract, in the face of an express

agreement governing the same subject matter, is legally untenable." *Baer v. Chase*, 392 F.3d 609, 616-17 (3d Cir. 2004). Here, Plaintiff's claim for breach of implied contract fails for three reasons.

*First*, Plaintiff does not sufficiently plead the necessary elements of a contract. She does not allege any objective manifestations of LVHN's intent to enter a contract with Plaintiff relating to her private information. Without any allegations that indicate LVHN's conduct demonstrating mutual assent in this regard, Plaintiff's claim for breach of implied contract must be dismissed. "A court cannot enforce a contract unless it can determine what it is," *Ingrassia Const. Co.*, 486 A.2d at 484, and the Complaint does not provide any facts that indicate an agreement between LVHN and Plaintiff relating to cybersecurity.

*Second*, Plaintiff may not rely on LVHN's privacy policy to support a claim for an implied contract, because an implied contract can only be demonstrated by the conduct between the parties, not any express or written words. *See In re Penn. Cent. Transp. Co.*, 831 F.2d 1221, 1228 (3d Cir. 1987) (explaining that an implied contract can only exist where "the agreement and promise have not been verbally expressed . . . [but] rather [must be] inferred from the conduct of the parties."). But even if LVHN's privacy policy could support an implied contract claim, that claim would fail because Plaintiff does not identify what provisions of that policy were breached here. At most, Plaintiff points to generic statements about the way LVHN

14

endeavors to protect PII. Compl. ¶¶ 19-20. Yet Plaintiff fails to allege in any discernible way what promises LVHN made in its privacy policy and how LVHN breached those promises. For this reason too, Plaintiff's breach of implied contract claim fails. *See J.R. v. Walgreens Boots Alliance*, Inc. No. 20-1767, 2021 WL 4859603, at *6 (4th Cir. Oct. 19, 2021) (rejecting implied contract claim based on privacy policy).

*Third*, Plaintiff's claim appears to be based on the assertion that LVHN "disclosed" her information to BlackCat. Compl. ¶ 125 (LVHN "agreed it would not disclose PHI"). But that conclusory assertion of "disclosure" is directly contrary to the factual allegations of the Complaint, which state that Plaintiff's information was stolen by sophisticated cyber criminals.

For these reasons, the Court should dismiss Plaintiff's claim for breach of implied contract.

## V. This Court should dismiss Plaintiff's claim for breach of confidence because she fails to allege that LVHN disclosed information that would blacken her character (Count IV).

To succeed on a claim for breach of physician-patient confidentiality in Pennsylvania, Plaintiff must show (1) a disclosure; (2) of her communications; (3) without consent; that would (4) tend to blacken her character. *Schweigart v. Schmalenberger*, No. 1226-MDA-2020, 2021 WL 2775910, at *10 (Pa. Super. Ct. July 2, 2021). Plaintiff fails to meet these requirements.

*First*, Plaintiff's conclusory allegation of "disclosure" contradicts the clear factual allegations that Plaintiff's information was *stolen* by criminal hackers. Indeed, disclosure in this context means "to make something known or public" or "to reveal," and no cases in Pennsylvania have upheld a claim for breach of confidence where the offending party did not make "an obvious statement to a third party." *Schweigart*, 2021 WL 2775910, at *10. *Second*, none of Plaintiff's information that criminal hackers allegedly stole tends to blacken her character. *Cf. Haddad v. Gopal*, 787 A.2d 975, 980 (Pa. Super. Ct. 2001) (accepting claim where defendant physician disclosed plaintiff's venereal disease to her husband without consent and specifically finding that such information blackened her character). *Third*, and finally, LVHN is not aware of any court in Pennsylvania accepting this claim—which is generally premised upon the relationship between a *physician* and a patient—when alleged against a hospital network like LVHN.

Accordingly, this Court should dismiss Plaintiff's claims for breach of confidence.

## VI.    Plaintiff's claim for publicity given to private life fails because Plaintiff's information has not been publicized and because LVHN did not voluntarily disclose Plaintiff's information (Count V).

In Pennsylvania, invasion of privacy based on publicity given to private life occurs when a person "[1] gives publicity to [2] matters concerning the private life of another, [3] of a kind highly offensive to a reasonable man." *See Vogel v. W. T.*

*Grant Co*. 327 A.2d 133, 136 (Pa. 1974). Publicity is at the crux of this claim and requires that "[the] matter is made public by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *See DeBlasio v. Pignoli*, 918 A.2d 822, 824 n.3 (Pa. Super. Ct. 2007).

Here, Plaintiff's Count V fails because Plaintiff's information has not been publicized. Based on Plaintiff's Complaint, Plaintiff's information is only available on the dark web within a batch of aggregated data. *See* Compl. ¶¶ 27-28, 36 (alleging that BlackCat posted Plaintiff's information on the "'dark web,' a heavily encrypted part of the Internet that is not accessible via traditional search"). It is not public knowledge or substantially certain to become public knowledge. *See Vogel*, 327 A.2d at 137 (dismissing claims and stating that "'Publicity' means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge"); *W.P. v. Westmoreland Cnty.*, Pa., No. 04-cv-1562, 2005 WL 3447896, at *20 (W.D. Pa. Dec. 14, 2005) (dismissing claim because the "allegations fail[ed] to meet the required element of publication such that the matter becomes public knowledge.").

Moreover, even if Plaintiff's information had been publicized, Count V still fails because LVHN did not voluntarily publicize that information. To be liable for

a claim for publicity given to private life, a defendant must voluntarily and intentionally publicize the information. *See Pacitti v. Durr*, No. 05-cv-317, 2008 WL 793875, at \*25 (W.D. Pa. Mar. 24, 2008), *aff'd*, 310 F. App'x 526 (3d Cir. 2009) (explaining that, in Pennsylvania, for any claim for invasion of privacy a plaintiff must show an intentional intrusion into their privacy). Here, Plaintiff's Complaint makes clear that—to the extent her information was "publicized at all"—BlackCat made the information public, not LVHN. *See* Compl. ¶ 27 (alleging that BlackCat posted Plaintiff's information).

For these reasons, this Court should dismiss Plaintiff's claim for publicity given to private life.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint in its entirety.

Dated: May 5, 2023

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner (admitted *pro hac vice*)
Elizabeth D. Adler (admitted *pro hac vice*)
James M. Brigman (admitted *pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
(404) 572-4600
psumner@kslaw.com
eadler@kslaw.com
mbrigman@kslaw.com

Daniel E. Cummins (Bar No. 71239)

**CUMMINS Law**
610 Morgan Hwy
Clarks Summit, PA 18411
(570) 319-5899
dancummins@cumminslaw.net

*Attorneys for Defendant Lehigh Valley Health Network, Inc.*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

Pursuant to Local Rule 7.8(b)(2), I, Phyllis B. Sumner, hereby certify that the foregoing brief contains 4,845 words, calculated using Microsoft Word's word count feature.

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner

## **CERTIFICATE OF SERVICE**

I, Phyllis B. Sumner, hereby certify on May 5, 2023, that a true and correct copy of the foregoing Defendant Lehigh Valley Health Network, Inc.'s Brief in Support of Motion to Dismiss Plaintiff's Complaint and all exhibits thereto, were filed electronically through the Court's CM/ECF System and were served upon all counsel of record at the e-mail address listed in the Court's database.

*/s/ Phyllis B. Sumner*
Phyllis B. Sumner