UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-585 |
| v. | : | (JUDGE MANNION) |
| LEHIGH VALLEY HEALTH NETWORK, INC., | : | |
| | : | |
| Defendant. | | |

## ORDER

Presently before the court is plaintiff's motion to remand, (Doc. 13). Plaintiff filed a brief in support, (Doc. 14). Defendant, Lehigh Valley Health Network ("LVHN"), filed a brief in opposition, (Doc. 23). Plaintiff then filed a reply brief, (Doc. 27). The Court requested supplemental briefing pertaining to potential class members LVHN has already sent notices to and will send notices related to the security incident. (Doc. 28). Pursuant to the Court's order, LVHN filed a notice, (Doc. 34), with approximately 1100 names and addresses known to LVHN at that point in time. LVHN then filed a supplemental notice, (Doc. 36), with an additional review of the 100,000 individuals referenced in their prior notice to the Court.

I.     DISCUSSION

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); see also Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (explaining that "the court can raise *sua sponte* subject-matter jurisdiction concerns"). "[T]he burden of establishing [subject-matter jurisdiction] rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The parties agree that LVHN has properly removed this matter under the Class Action Fairness Act ("CAFA").[1] The Third Circuit has explained that once the removing party has properly removed the action to federal court, the party seeking to invoke an exception bears the burden of proving by a preponderance of evidence that the exception applies. Vodenichar v. Halcon Energy Properties, Inc., 733 F.3d 497, 503 (3d Cir. 2013) (citing Kaufman v. Allstate New Jersey Insurance Co., 561 F.3d 144, 151 (3d Cir. 2009)). Pursuant to the court's obligation to ensure jurisdiction exists, the Court

---

[1] Under CAFA, (1) the amount in controversy must exceed $5,000,000 across all individual claims; (2) minimally diverse parties; and (3) the class consists of at least 100 or more members ("numerosity requirement"). 28 U.S.C. §1332(d)(2), 5(B), (6); Judon v. Travelers Property Cas. Co. of America, 773 F.3d 495, 500 (3d Cir. 2014). Each element is met in this matter.

issued an order, (Doc. 28), to determine if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate … are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(4)(B).

In response to the Court's order, LVHN filed a notice and supplemental notice. (Docs. 34 & 36). The parties are now in agreement that both elements of §1332(d)(4)(B) are met: (1) Two-thirds of the proposed class are citizens of the state from which the action arises, Pennsylvania; and (2) the primary defendant is a citizen of the State in which the action was originally filed. See Ellis v. Montgomery Cnty., 267 F. Supp. 3d 510, 516 (E.D. Pa. 2017). As such, the Court will remand the case.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) The above-captioned action is **REMANDED** to the Court of Common Pleas for Lackawanna County.

(2) The Clerk of the Court is directed to **CLOSE** the federal action.

(3) The Clerk of the Court is directed to mail a certified copy of this order of remand to the Clerk of the Court of Common Pleas of Lackawanna County.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
23-585-02